STATE OF NORTH CAROLINA v. WILLIAM DONALD HAMRICK

No. 7527SC274

(Filed 2 July 1975)

**1. Criminal Law § 50— invasion of province of jury**

In a prosecution for conspiracy to commit armed robbery, a witness's testimony, "We made plans to rob my father," did not invade the province of the jury and was competent.

**2. Criminal Law § 82— attorney-client privilege**

In a prosecution for conspiracy to commit armed robbery, the trial court properly sustained the State's objection to cross-examination of a coconspirator involving communications with his attorney in order to protect matters covered by the attorney-client privilege.

**3. Conspiracy § 6— conspiracy to commit armed robbery — sufficiency of evidence**

The State's evidence was sufficient for the jury in a prosecution for conspiracy to commit robbery with a firearm where a witness testified that he, defendant and another made plans to rob the witness's father, that he and defendant drew plans of his father's house and discussed the fact that the father usually carried large sums of money but rarely kept guns in the house, and that some days later defendant told the witness that "they" had gone to his father's house, drawn guns and robbed him.

APPEAL by defendant from *Hasty, Judge.* Judgment entered 13 December 1974 in Superior Court, CLEVELAND County. Heard in the Court of Appeals 10 June 1975.

Defendant was charged in an indictment, proper in form, with conspiracy to commit armed robbery. He pleaded not guilty and was tried before a jury.

The State's principal witness, Johnny Ray Black, testified that two or three days after he was released from prison on 8 February 1974 he saw defendant at the Royal Poolroom in Shelby. Accompanied by a third man, they left and went to defendant's apartment where they made plans to rob Black's father. Defendant and Black drew plans of the father's house. On 13 February 1974, James O. Black was robbed at gunpoint of nine hundred seventy dollars. He was unable to identify the two men who robbed him.

The jury found defendant guilty as charged. From judgment sentencing him to eight to ten years' imprisonment, he appealed to this Court.

*Attorney General Edmisten, by Assistant Attorney General John M. Silverstein and Associate Attorney David S. Crump, for the State.*

*Julian B. Wray for defendant appellant.*

ARNOLD, Judge.

[1] Defendant's first two assignments of error concern portions of Johnny Black's testimony. He contends that Black's statement, "We made plans to rob my father," invaded the province of the jury. We disagree. Black further testified giving details of his discussion with defendant. He was not expressing an opinion but was testifying from personal knowledge. The jury had only to determine his credibility. This assignment of error is overruled.

[2] Defendant also contends that the court erred in sustaining the State's objection to cross-examination involving Black's communications with his attorney. It is clear that the court ruled properly to protect matters covered by the attorney-client privilege. *See generally* 1 Stansbury, N. C. Evidence (Brandis rev.), § 62. This assignment of error also is overruled.

[3] Defendant next assigns error to the court's denial of his motion for nonsuit. He contends that there was no evidence of an agreement to commit robbery with a firearm on James O. Black. This contention is without merit. Viewed in the light most favorable to the State, Johnny Black's testimony was ample evidence of an agreement between defendant and another to commit the offense. *See State v. Horton,* 275 N.C. 651, 170 S.E. 2d 466, *cert. denied,* 398 U.S. 959, *rehearing denied,* 400 U.S. 857 (1970); *State v. Miller,* 15 N.C. App. 610, 190 S.E. 2d 722, *cert. denied,* 282 N.C. 154, 191 S.E. 2d 603, *cert. denied,* 410 U.S. 990 (1973). Black testified that a few days before 13 February 1974 he and defendant drew plans of his father's house and discussed the fact that he usually carried large sums of money on him but rarely kept guns around. He also testified that sometime after 13 February 1974 defendant told him that "they" had gone to his father's house, drawn guns, and robbed him. Defendant's motion for nonsuit was properly overruled.

Finally, defendant assigns error to several portions of the court's charge to the jury. We have carefully examined the charge and find it adequate in all respects. These assignments of error are overruled.

Defendant has received.a fair trial free from prejudicial error.

No error.

Chief Judge BROCK and Judge PARKER concur.